IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PHILLIP CALLAHAN                                                                                   PLAINTIFF

v.                                                    Civil No. 5:25-cv-05258

OZARK SURGICAL; DR. HOUDAT;
JANE DOE; and JOHN DOE                                                             DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). For the reasons given below, the undersigned recommends that this case be DISMISSED WITHOUT PREJUDICE.

**I. BACKGROUND**

Plaintiff Phillip Callahan is currently incarcerated at Washington County Detention Center. On December 10, 2025, he filed his Complaint in this matter, alleging that on December 28, 2022, he had surgery to repair a hernia. *See* ECF No. 1, p. 4. He says that the mesh from this surgery has come undone and is causing him numbness and intense pain, and is injuring organs and tissue in the surgical area. *See id.* at 4–5. As defendants he has named only the doctor who performed

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

the surgery, the nurse and anesthesiologist who assisted the doctor in that surgery, and the medical center where the surgery was performed. *See id.* at 2–4.

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Section 1983 was enacted to provide a "broad remedy for violations of federally protected civil rights."  *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 685 (1978).  To assert a claim under § 1983, a plaintiff must allege two elements: (1) that the action occurred under color of law; and (2) that the action is a deprivation of a right secured by the Constitution or laws of the United States.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).  However, Plaintiff's Complaint does not allege any facts connecting his injuries with any governmental employees or entities.  For example, Plaintiff does not allege that he is currently being denied treatment for his injuries, or that his injuries were caused by any actions taken by anyone at the institution where he is currently incarcerated.  In other words, Plaintiff has not alleged that his injuries were caused by any action occurring under color of law.  Therefore, his Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

Rather, Plaintiff's claims appear to be more in the vein of an ordinary medical malpractice lawsuit against nongovernmental individuals and entities.  The undersigned expresses no opinion on whether such a claim may be viable, other than to note that on the facts currently alleged there is no basis for concluding that this Court has jurisdiction to hear such a claim, as it arises under Arkansas law rather than federal law, *see* 28 U.S.C. § 1331, and appears to be between citizens who are all residents of the same state (Arkansas), *see* 28 U.S.C. § 1332(a).

### IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted or, alternatively, for lack of subject-matter jurisdiction.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **6th day of February 2026**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE